# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO C RIVERA, : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-0505 |
| v. : | |
| : | (Judge Caputo) |
| GOVERNOR ED RENDELL, *et al.*, : | |
| Defendants : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 5, 2010, Roberto C. Rivera, an Pennsylvania state prisoner confined at SCI-Dallas, in Dallas, Pennsylvania, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983,[1] suing twenty-six defendants.[2] Mr. Rivera's Complaint asserts a variety of claims: (1) a Due Process claim in connection with a misconduct hearing for arson; (2) an Eighth Amendment claim that the medical staff failed to properly treat his mental health condition when they failed to timely renew his psychotropic medications; (3) an Eighth Amendment claim of deliberate indifference against both sets of defendants for failing to ensure his

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

[2] The Defendants in this action are divided into two groups: (1) Commonwealth of Pennsylvania employees; and (2) physicians employed by the contract health care provider at the State Correctional Institution at Dallas (SCI-Dallas), in Dallas. Pennsylvania. Each group is represented by separate counsel.

continued housing in a single cell due to his mental health problems; and (4) a claim that prison officials violated his rights under the American with Disabilities Act (ADA) by failing to timely process his request for a single cell. (Doc. 1, Compl.) Presently before the Court is Plaintiff Roberto Rivera's Motion for Appointment of Counsel (Doc. 9) based on the assertion that his mental and physical infirmities impede his ability to understand these proceedings or adequately present the complex issues involved in this action. (Doc. 29, Mot. for Counsel.) For the reasons that follow, Mr. Rivera's motion will be denied without prejudice.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A district court as "broad discretion" to determine whether counsel should be appointed. *Montgomery,* 294 F. 3d at 498. The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

       1. the plaintiff's ability to present his or her own case;
       2. the difficulty of the particular legal issues;
       3. the degree to which factual investigation will be necessary

and the ability of the plaintiff to pursue investigation;
4. the extent to which a case is likely to turn on credibility determinations;
5. whether the case will require testimony from expert witnesses;
6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). After examining the above factors, the Court will deny Mr. Rankin's present motion for counsel without prejudice.

"Perhaps the most significant," factor influencing our decision whether counsel should be appointed is Plaintiff's ability to present his case to the court. *Montgomery*, 294. F.3d at 501. Although Mr. Rivera may take psychotropic medication, this alone does not establish his mental incapacity or inability to represent himself. In this case, it appears that Mr. Rivera possesses an adequate level of competency and literacy to present his case. From the Court's review of Mr. Rivera's filings to date, it is apparent that he has a sufficient grasp of his case and the issues involved, and is able to adequately articulate the factual and legal basis of his claims. The fact that Mr. Rivera states he relies on the assistance of others to assist him with his filings does not alter our analysis in this matter or our findings today. Our determination that at the present time it appears Mr. Rivera is able to represent himself in this matter is reinforced by the fact that presently pending before the Court are separate motions to dismiss filed by the Commonwealth defendants and the medical defendants. Mr. Rivera actively opposed both motions submitting briefs that cite to relevant case law and make appropriate counter arguments to the Defendants' motions. Finally, until the Court resolves these motions, we will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the

purpose of appointing him counsel. There is no evidence, at this point, that any prejudice will result in the absence of counsel.

Consequently, at this time, Mr. Rivera's request for counsel will be denied. However, Plaintiff may file another motion for appointment of counsel if circumstances change.

**ACCORDINGLY, THIS   27th   DAY OF MARCH,  2013, IT IS HEREBY ORDERED THAT** Mr. Rivera's motion for appointment of counsel (Doc. 29) is denied without prejudice.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**