IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERTO C RIVERA,                    :
                                     :
        Plaintiff                    :
                                     :        CIVIL NO. 3:CV-10-0505
    v.                               :
                                     :        (Judge Caputo)
GOVERNOR ED RENDELL, et al.,         :
                                     :
        Defendants                   :

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Following the Court's April 1, 2013, resolution of the DOC Defendants' Motion to Dismiss and the Medical Defendants' Motion to dismiss, only five of the original twenty-six defendants remain in this § 1983 action filed by Mr. Rivera, an inmate housed at SCI-Dallas.[1] *See* Doc. 73, Order. Presently before the Court is Mr. Rivera's fourth motion for appointment of counsel based on the assertion that his mental and physical infirmities impede his ability to understand these proceedings or adequately present the complex issues involved in this action. (Doc. 88, Mot. for Counsel.) For the reasons that follow, Mr. Rivera's motion will be denied without prejudice.

---

[1] The Defendants in this action are divided into two groups: (1) Commonwealth of Pennsylvania employees (Walsh, Goyne, Lopuhovsky, and Sokaloski); and (2) the remaining Medical Defendant, Dr. Kale, a former physician employed by the contract health care provider at the State Correctional Institution at Dallas (SCI-Dallas), in Dallas. Pennsylvania. Each group is represented by separate counsel.

This is a civil action, not a criminal one. Hence the Plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery*, 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit Court of Appeals has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).

If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the

plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Mr. Rivera's first, second and third motions for counsel were denied without prejudice. (Docs. 29, 75 and 83). To the extent that Mr. Rivera's request for counsel is based on the fact of his incarceration or his indigent status, as noted in previous orders addressing his earlier motions for counsel, these facts alone do not warrant the appointment of counsel given this Court's liberal construction of pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with his apparent ability to litigate this action. Next, contrary to Mr. Rivera's assertion, the court does not find that his current mental or physical health issues has, or will, impact his ability to represent himself at this time. This finding is based on Mr. Rivera's vigorous defense to the defendants' motions to dismiss as well as the court's knowledge that he has drafted and properly served defendants with multiple discovery requests and requests for admissions on his own behalf. Accordingly, he has not demonstrated that he will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his

own.

In the event, however, following the resolution of the defendants' motion to dismiss, if future proceedings demonstrate the need for counsel, the matter may be reconsidered, either sua sponte or upon another motion filed by Plaintiff.

Accordingly, this _____ day of September, 2013, it is ordered that Plaintiff's fourth motion for appointment of counsel (Doc. 88) is denied.

A. RICHARD CAPUTO
United States District Judge