**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERTO C. RIVERA,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-10-0505** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **GOVERNOR ED RENDELL,** *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.    Introduction**

Pro se Plaintiff Roberto Rivera, an inmate incarcerated at the Pennsylvania State Correctional Institution in Dallas, Pennsylvania, initiated this action on March 5, 2010, alleging constitutional violations pursuant to 42 U.S.C. § 1983.  Mr. Rivera alleged that various prison officials were deliberately indifferent to his serious mental health needs when they revoked his single cell housing status (Z Code) and then failed to reinstate it after he lit his cell on fire.  He also claims Dr. Kale, his former psychiatrist, was deliberately indifferent to his serious medical needs when he failed to renew his psychotropic medication.  (Doc. 1, Compl.)

On September 21, 2015, the court granted Dr. Kale's motion for summary judgment. The court also granted in part, and denied in part, the Pennsylvania Department of Corrections (DOC) defendants' motion for summary judgment.  (Doc. 171.)  A single claim against one DOC Defendant remains.  Mr. Rivera was granted the opportunity to conduct limited discovery as to the sole surviving claim:  whether Defendant Walsh was deliberately

indifferent to Mr. Rivera's mental health needs in 2009 when he failed to place Mr. Rivera in a single cell upon his release from the RHU.  (*Id.*)

Presently before the court is Mr. Rivera's fourth motion for appointment of counsel. (Doc. 188.)  For the following reasons, Mr. Rivera's motion will be denied without prejudice.

## II.     Discussion

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58,

60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Based on the above, the court will deny Mr. Rivera's most recent request for appointment of counsel.  Although Mr. Rivera seeks the appointment of counsel arguing that "[t]he issues involved in this case are complex," he has proficiently demonstrated his ability to represent himself.  (Doc. 188, ECF p. 1.)    He has successfully litigated this matter to its present posture.  He followed the required rules of civil procedure in filing his summary judgment materials and presented clearly written arguments complete with relevant legal citation.  Additionally, the complexity of this case has been reduced to a single remaining claim against a single defendant.  Mr. Rivera acknowledges his

understanding of the remaining claim:  whether Defendant "Walsh was deliberately indifferent to his serious mental health needs in March 2009 when failing to reinstate his Z Code". (*Id.*)  His argument that additional "factual investigation will be necessary regarding the Department of Justice's involvement with the care and mental health inmates at SCI @ Dallas, the recent changes made at SCI @ Dallas regarding mental health inmates, and the Department of Justice findings before, during, and after their visit to SCI @ Dallas on August 15, 2013 and on August 16, 2013 providing for specialized Housing for inmates that are on the mental health roster" is not a persuasive to his argument for counsel.  (*Id.*, ECF p. 2.)  Mr. Rivera does not suggest how or why this information is necessary to address the narrowly defined remaining claim, or why he could not obtain it without the assistance of counsel.  Aside from the fact that the discovery period in this case has closed, Mr. Rivera does not offer any connection between the events at SCI-Dallas in 2013 concerning the system wide treatment and management of inmates with mental health issues and defendant Walsh's 2009 decision not to grant him a single cell based on his mental health status as of that date.  As such, the court will not appoint counsel for the purpose of conducting discovery at this point, or on this issue.  Likewise, Mr. Rivera's lack of success in obtaining counsel on his own does not necessitate the appointment of counsel given his demonstrated ability to represent himself.  His motion will be denied without prejudice.

    An appropriate Order follows.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date: December 2, 2015**