IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO C. RIVERA, | : |
| | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-10-0505 |
| v. | : |
| | : (Judge Caputo) |
| GOVERNOR ED RENDELL, *et al.*, | : |
| | : |
| Defendants | : |

M E M O R A N D U M

I.   **Introduction**

Pro se Plaintiff Roberto Rivera, an inmate incarcerated at the Pennsylvania State Correctional Institution in Dallas, Pennsylvania, initiated this action on March 5, 2010, alleging constitutional violations pursuant to 42 U.S.C. § 1983.  Specifically, Mr. Rivera alleged that various prison officials were deliberately indifferent to his serious mental health needs when they revoked his single cell housing status (Z Code) and then failed to reinstate it after he lit his cell on fire.  He also claims Dr. Kale, his former psychiatrist, was deliberately indifferent to his serious medical needs when he failed to renew his psychotropic medication.  (Doc. 1, Compl.)

On September 21, 2015, the court granted Dr. Kale's motion for summary judgment. The court also granted in part, and denied in part, the Pennsylvania Department of Corrections (DOC) defendants' motion for summary judgment.  (Doc. 171.)  A single claim against one DOC Defendant remains.  Mr. Rivera was granted the opportunity to conduct limited discovery as to the sole surviving claim:  whether Defendant Walsh was deliberately

indifferent to Mr. Rivera's mental health needs in 2009 when he failed to place Mr. Rivera in a single cell upon his release from the RHU. (*Id.*)

Presently before the court is Mr. Rivera's motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e). (Doc. 172.) The court will construe the motion as one for reconsideration.

## II.     Standard of Review

The court's September 21, 2015, order was not a final order because it contemplated further proceedings in this court. *See In re Grand Jury*, 705 F.3d 133, 143 (3d Cir. 2012). It was therefore interlocutory. A court may revise an interlocutory order "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (nonprecedential)(quoting *Jerry*). More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result." *Anthanassious*, 418 F. App'x at 95 (quoted case omitted).

## III.    Discussion

Mr. Rivera seeks reconsideration on the grounds that he "is on the active mental health roster with reporting symptoms of being suicidal which warrants and warranted psychiatric indication for a Z code." (Doc. 173, Br. in Supp. Mot. for Reconsideration, ECF p. ECF p. 5.) While this may be an accurate depiction of Mr. Rivera's current level of mental health monitoring, he offers little guidance as how this information relates to the court's resolution of the parties' summary judgment motions.

Before granting Dr. Kale and the DOC Defendants' motion for summary judgment (in part), the court thoroughly reviewed the record, including the evidence filed in support of the motions for summary judgment and the law.  The events at issue in this matter occurred years ago, and are not present today.  To the extent Mr. Rivera now argues that his current placement on the institution's mental health roster somehow can revive his 2008 claim concerning the initial revocation of his Z Code, he is mistaken.  Even if Mr. Rivera could connect his present mental health status to the 2008 revocation of his Z Code, the court's ruling on this matter would not be altered.  Mr. Rivera's claim concerning the initial revocation of his Z Code was dismissed due to his failure to exhaust his available administrative remedies.  *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002).  He does not offer any argument as to an error in the court's resolution of this issue based on his lack of exhaustion.  Likewise, the fact that Mr. Rivera is currently on the institution's mental health roster does not suggest or support a finding that the Dr. Kale was deliberately indifferent to Mr. Rivera's mental health needs when treating him in the fall of 2008.

Accordingly, the court finds that Mr. Rivera has failed to demonstrate any grounds to warrant a reconsideration of the court's September 21, 2015, Order addressing Dr. Kale and the DOC defendants' motion for summary judgment.  His motion for reconsideration will be denied.

An appropriate order follows.

    /s/ A. Richard Caputo
    **A. RICHARD CAPUTO**
    **United States District Judge**

**Date: December 3   , 2015**