**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERTO C. RIVERA,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-10-0505** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **GOVERNOR ED RENDELL,** *et al.*, : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

On March 5, 2010, Roberto Rivera, an inmate housed at SCI-Dallas, in Dallas, Pennsylvania, initiated this action challenging the revocation of his Z Code (single cell status). On September 21, 2015, the Court resolved Pennsylvania Department of Corrections (DOC) Defendants' motion for summary judgment. *See Rivera v. Rendell*, Civ. No. 3:CV-10-0505, 2015 WL 5569067 (M.D. Pa. Sept. 21, 2015).  A single claim against a sole defendant remains: Was Deputy Superintendent Walsh deliberately indifferent to Mr. Rivera's serious mental health needs in March 2009 when he failed to assign Plaintiff a Z Code upon releasing him from the Restricted Housing Unit (RHU) to general population?  Mr. Rivera was granted the opportunity to conduct additional discovery related to Deputy Walsh's reliance on the opinions of his treating mental health professionals.  (ECF No. 150, pp. 1- 2.)

Presently before the Court are Mr. Rivera's three motions to compel concerning his discovery posed to Deputy Walsh.  (ECF Nos. 198, 200 and 202.)  He does not argue that Deputy Walsh failed to respond to his discovery requests, rather he argues the responses are

evasive and inadequate. (*Id.*)  On December 22, 2015, Mr. Rivera was ordered to supplement his discovery motions by identifying each discovery request in dispute as well as specifying why he believes Deputy Walsh's responses are evasive and incomplete.  (ECF No. 207.)  Mr. Rivera filed his supplemental supporting briefs on January 12, 2016.  (ECF Nos. 209 - 211.)  Deputy Walsh filed a singular opposition brief to all three motions.  (ECF No. 213.)  On March 16, 2016, Mr. Rivera filed a collective reply brief in support of all three motions.  (ECF No. 216.)

For the reasons that follow, Mr. Rivera's motions to compel will be granted in part and denied in part.

**II.     Standard of Review**

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery.  Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iii - iv).  Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

The scope and conduct of discovery are within the sound discretion of the trial court.  *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the

proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "non-privileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

With these principles in mind, the Court turns to consider the various discovery requests set forth in Mr. Rivera's motions to compel.

### III. Discussion

#### A. Mr. Rivera's Motion to Compel Responses to his October 1, 2015, Request for Production of Documents (ECF No. 198).

As directed, Mr. Rivera provided the Court with a copy of his October 1, 2015, request for production of documents and Deputy Walsh's response. (ECF No. 209, pp. 9 - 16.) Where Mr. Rivera's document requests are similar, or redundant, they will be addressed together.

**1.     Request No. 1:  Disciplinary and Personnel Complaints against Deputy Walsh.**

Defendant Walsh correctly points out that the confidential and sensitive nature of information contained in personnel files requires their disclosure to be limited.  *See Bracey v. Price,* Civ. No. 09-1662, 2012 WL 849865, at *2 - 3 (W.D. Pa. Mar. 13, 2012).  However, that does not mean such information is beyond discovery, where relevant.  (*Id*.)

Here, Mr. Rivera does not seek Deputy Walsh's complete personnel file, only those portions related to disciplinary and personnel complaints lodged against him.  He seeks this information because it "will show the existence of every element essential to Plaintiff's claim of the Defendant Walsh's deliberate indifference regarding the Plaintiff's mental health needs that bear the burden of proving at Trial, and establishes that Defendant Walsh's participation in the decision to recommend revocation of his Z Code Housing classification on March 20, 2009."  (ECF No. 209, p. 3.)  Plaintiff's motion to compel will be denied as he has not demonstrated how disciplinary and personnel complaints, lodged by inmates or staff, would shed any light on whether Deputy Walsh was deliberately indifferent to *his* mental health needs on March 20, 2009, when not directing that he be placed in a single cell upon his release from the RHU.

**2.     Request Nos. 2, 3, 5, 9 and 10: Mental health document provided to, and or relied upon by, Deputy Walsh when making his March 2009 decision "recommending the revocation of [Mr. Rivera's] Z Code Housing classification."**

Requests 2, 3, 5, 9 and 10 all seek similar mental health documents relied upon by Deputy Walsh in March 2009 when allegedly recommending the revocation of Plaintiff's single

cell housing assignment. (ECF No. 209, pp. 9 - 16.) Defendant Walsh identified the following responsive documents:  the December 16, 2008, Vote Sheet revoking his Z Code; a copy of his grievance challenging the revocation; and a copy of the PRC's March 2009 decision concerning his release from the RHU.[1] Defendant Walsh failed to identify any specific mental health or other records relied upon in making his March 2009 decision stating that as he is now retired, he does not have control or custody over Mr. Rivera's mental health records. First, to the extent Mr. Rivera seeks the wholesale disclosure of his mental health records, his motion to compel will be denied.  A large portion of Mr. Rivera's mental health record was produced in earlier discovery as well as in conjunction with the Defendants' motions for summary judgment.  Next, the Court does not find the Defendant's retirement a basis to avoid identifying what, if any, documents he relied upon when making his March 2009 decision concerning Mr. Rivera's release to a double cell in general population. Therefore, Deputy Walsh will be ordered to supplement his response to document request number 2.  He shall indicate whether he relied on any documents, including portions of Mr. Rivera's mental health records, when making his March 2009 PRC recommendation.  To the extent any such documents were reviewed, he shall specifically identify them and their current custodian.  No further supplementation of document requests 2, 3, 5, 9 or 10 will be ordered.

---

[1] This information was also disclosed to Mr. Rivera in conjunction with the DOC's motion for summary judgment.  *See* ECF No. 136-2, pp. 41, 62 and 63.

**3.      Request No. 4:  Facts or data considered by Deputy Walsh not to allow Mr. Rivera to receive mental health treatment at SCI-Frackville**.

Deputy Walsh responds that no such documents exist.  Plaintiff seeks to compel a further response because he "believes Defendant Walsh's response to this request is not in compliance with his request." (ECF No. 209, p. 4.)  However, he does not explain further how Deputy Walsh's response is not in compliance with his request.  Without such information, there is no reason for the Court to delve further into Deputy Walsh's response.  To the extent that defense counsel argues that Mr. Rivera's mental health treatment is not at issue in this case, that is only partially true.  The sole remaining claim relates to whether Deputy Walsh's March 2009 PRC decision to release Mr. Rivera from the RHU to a double cell in general population was deliberately indifferent to his mental health needs.  Mr. Rivera's motion to compel a further response to request number 4 is denied.

**4.      Request No. 6:  Documents demonstrating Mr. Rivera's treating mental health professional's qualifications and publications.**

To the extent Mr. Rivera seeks the *curriculum vitae* of his treating mental health providers, Deputy Walsh disavows possession or control of such materials. (ECF No. 209, p. 14.)  Mr. Rivera claims Deputy Walsh's response that he is not in control or custody of such documents to be "evasive and incomplete". (*Id*., p. 4.)  Plaintiff "believes Defendant Walsh has access to obtain possession, custody and control" of the requested documents which would show the "psychogist' Psychiatrists (sic) allegedly relied upon for the decision of

revocation of Z Code classification in 2009 was unreliable." (*Id.*)  As Mr. Rivera has failed to demonstrate why he believes Deputy Walsh's response is evasive or incomplete, the motion to compel as to request number 6 is denied.

### 5. Request No. 7: Other Instances Between 2005 and 2009 where Deputy Walsh "advised that a Prisoner's Z Code be relinquished."

Deputy Walsh objects to this request arguing that it was unduly burdensome and seeks the disclosure of privileged information which is not reasonably calculated to lead to the discovery of admissible evidence.  (*Id.*, p. 15.)  Mr. Rivera's disagreement with this statement makes it no less true.  While Mr. Rivera asserts that it "can prove element[s] of [his] claim" (*Id.*, p. 5), he does not explain how.  The Court agrees with Deputy Walsh that disclosure of the requested information, in order to be even slightly relevant to these proceedings, would implicate the privileged medical/mental health information of other inmates.  Mr. Rivera, a former Z Code recipient himself, is clearly aware of the various reasons inmates are issued Z Codes.  In Plaintiff's case, his mental health issues previously prompted the DOC to house him in a single cell.  The disclosure of such security/medical/mental health information of other inmates would violate the privacy rights of these individuals.  Additionally, the security concerns of releasing this type of sensitive information, let alone to another inmate, far outweighs Mr. Rivera's unspecified "element[s]" he wishes to advance in this case.  Rule 26(c) empowers the Court to issue protective orders "which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." That is the case here. Accordingly, Mr. Rivera's motion to compel Deputy Walsh to supplement his response to this request is denied.

### 6. Request No. 8: 2009 Central Office documents calling for SCI-Dallas to increase its bed space by evaluating current A Code and Z Code inmates.

Deputy Walsh asserts that he does not have custody or control over such Central Office documents due to his retirement from the DOC. (*Id.*, p. 15.) He also objects that any such documents are protected by the deliberative process privilege.[2] (*Id.*) Mr. Rivera

---

[2] "The deliberative process privilege permits the government to withhold documents containing 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 853 (3d Cir. 1995) (citation omitted). The privilege is intended to encourage "the frank exchange of ideas and opinions" within an agency, in order to promote the "quality of administrative decisions." *Id.* at 854. The privilege, however, is not absolute and can be overcome if the party seeking discovery shows sufficient need for the otherwise privileged materials. *Hickman v. Taylor*, 329 U.S. 495, 511, S.C.t 385, 393, 91 L.Ed. 451 (1947). Fed. R. Civ. P. 34(b) requires a party objecting to a document request to "state with specificity the grounds for objecting to the request, including the reasons" and "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B) and (C). To properly invoke the privilege:

> There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.

*United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980) (quoting *United States v. Reynolds*, 345 U.S. 1, 7 - 8, 73 S.C.t 528, 532, 97 L.Ed. 727 (1953)) (additional citations omitted). Agency counsel's invocation of the privilege is inappropriate where there is "no indication ... that the department heads made the type of personal careful examination which must precede the invocation of the privilege." *O'Neill*, 619 F.2d at 226. As Deputy Walsh has not properly supported his assertion of the deliberative process privilege, the Court cannot properly evaluate its application. No affidavit was provided in connection with the assertion of the privilege. No documents were identified a falling within the privilege. As such, Defendant Walsh's assertion of

(continued...)

argues that Deputy Walsh's response is "untrue" based on the November 4, 2008 email from Superintendent Klopotoski to various SCI-Dallas staff, including Deputy Walsh, concerning Central Office's request that the institution find 80 additional beds by re-evaluating "current Z coded inmates and A coded inmates".[3] (ECF No 209, p. 18.) Although the Court does not find Deputy Walsh properly asserted the deliberative process privilege with respect to the requested documents, for the purpose of compelling discovery, the requesting party bears the initial burden of demonstrating its relevance to its claim. Fed. R. Civ. P. 26(b)(1). Here Mr. Rivera has failed to show how the discovery sought is relevant to whether Deputy Walsh was deliberately indifferent to his mental health needs when releasing him from the RHU in March 2009 without a Z Code designation. Moreover, The issue of Mr. Rivera's Z Code revocation was resolved in the Court's September 2015 Memorandum and Order. *See* ECF No. 170, pp. 21 - 25. This claim was dismissed due to Plaintiff's failure to exhaust his administrative remedies. (*Id.*) Thus, proof of staff's motivation in December 2008 for rescinding his Z Code is irrelevant, even if driven by a need to quickly find bed space within the facility as Mr. Rivera suggests. Mr. Rivera has failed to demonstrate how Central Office's December 2008 request to re-evaluate A and Z Code inmates is relevant to whether in March 2009 Deputy

---

[2](...continued)
deliberative process will not be accepted.

[3] Individuals serving sentences of 10 years or more and provided with a single cell are given an "A Code" to differentiate them from "Z Code" inmates. *See* www.cor.pa.gov., 11.2.1, Reception and Classification Procedures Manual, Section 5 — Single Cell ("Z" Code) and Double Celling Housing.

Walsh subjectively knew of and disregarded an excessive risk to his health or safety and that his mental health needs were objectively serious when releasing him to a double cell in general population.  *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).  Thus, Mr. Rivera's motion to compel a further response to this request is denied.

### B. Mr. Rivera's Motion to Compel Responses to his October 5, 2015, Interrogatories (ECF No. 200).

On December 18, 2015, the Court requested Mr. Rivera to file a supplemental brief in support of his various motions to compel.  (ECF No. 206.)  In that Order, Plaintiff was directed to specifically identify why believed each disputed discovery request was incomplete or evasive.  (*Id*.)  On January 5, 2016, Mr. Rivera filed a supplemental brief in support of his motion to compel further responses to his October 2015 interrogatories, specifically numbers 2 through 8.  (ECF No. 210, p. 6.)  Although he seeks supplemental responses to interrogatories 2 through 8, he does not identify how any of Deputy Walsh's provided responses are incomplete or evasive.  Rather, he simply states in a summary fashion that they are "vague, inadequate, ambiguous and confusing."  (*Id*., p. 5.)  Nonetheless, the Court has examined the interrogatories and Defendant Walsh's responses.  (*Id*., pp. 9 - 11.)  While Mr. Rivera may disagree with the provided responses, they are clear and specifically tailored to the relevant interrogatory.   Because Mr. Rivera has failed to identify how any individual interrogatory response is deficient, vague, evasive or "confusing," his motion to compel further supplementation will be denied.

### C. Mr. Rivera's Motion to Compel Responses to his October 15, 2015, Interrogatories (ECF No. 202).

Mr. Rivera claims Deputy Walsh's responses to his second request for production of documents are "evasive and incomplete." (ECF No. 211, pp. 7 - 13.) In addition to responding to each request, Deputy Walsh provides a summary of various objections he incorporates with respect to each response. (*Id*., pp. 10 - 13.) As before, where possible, the Court will examine similar requests collectively.

#### 1. Requests a, b: Documents relied upon by Deputy Walsh to [revoke Mr. Rivera's] Z Code on March 22, 2009.

While Deputy Walsh objects to these requests, he notes that the propounded discovery exceeds the limits of this Court's September 21, 2015 Order (ECF No. 171), and is irrelevant to the remaining claim in this action, but does not specify how. (ECF No. 211, p. 12.) Mr. Rivera claims the response is evasive and incomplete. (*Id*., p. 3.) He claims the requested documents will help establish Deputy Walsh's deliberate indifference to his mental health needs, a burden he bears to prove at trial. (*Id*.) He argues the information will "establish Defendant Walsh's participation in the decision to recommend revocation of his Z Code Housing classification on March 20, 2009." (*Id*.) In opposition to the motion to compel, Deputy Walsh asserts that claims related to the revocation of Mr. Rivera's Z Code, which occurred in December 2008, were dismissed by the Court in September 2015. *See* ECF No. 171. This is true. Moreover, the extensive summary judgment record is devoid of any evidence that Plaintiff's Z Code was reinstated after that date prior

-11-

to his RHU release.  This is confirmed by Deputy Walsh's interrogatory responses that there are no facts or documents in existence regarding the Defendant's involvement in revoking Plaintiff's Z Code in March 2009 as that occurred in December 2008.  *See* ECF No. 210, pp. 9 - 11. Finally, via summary judgment, Mr. Rivera received copies of documents utilized by the DOC when revoking his Z Code in December 2008 as well as the PRC's March 2009 decision concerning his double celling within general population upon his release from the RHU. Defendant Walsh confirms that "no facts or documents exists" concerning the revocation of his Z Code in March 2009.  (ECF No. 213.) Accordingly, Mr. Rivera's motion to compel further supplementation of this request is denied.

### 2.     Request c: Copies of the Uniform Commercial Code for Department of Corrections Employees.

Defendant Walsh argues that the requested information is irrelevant to the remaining claim and exceeds the limits of the Court's September 21, 2015, Order.  (ECF No. 211, p. 12.)  Mr. Rivera counters that the requested document "will show the existence of every element essential to Plaintiff's claim that the (sic) Defendant Walsh's deliberate indifference regarding Plaintiff's mental health needs ... and establishes that Defendant Walsh's participation in the decision to recommend revocation of his Z Code Housing classifications on March 20, 2009." (*Id*., p. 3.)  Mr. Rivera has not demonstrated the relevance of the UCC to the remaining claim, nor can the Court fathom one.  His motion to compel with respect to this request is denied.

### 3. Request d: Documents relied upon by Defendant Walsh in 2005 when directing Mr. Rivera met the criteria for Z Code while housed on the institution's Special Needs Unit.

Defendant Walsh objects to the relevance of this request as it concern the PRC's March 2009 decision to release Mr. Rivera to a double cell in general population. As Defendant notes, the December 2008 revocation of Mr. Rivera's Z Code is not at issue. The events of 2005 are also not at issue. The sole issue is whether Deputy Walsh was deliberately indifferent to his serious mental health needs in March 2009 when releasing him from the RHU to general population without a Z Code designation. Thus, the requested documents are not relevant. Moreover, as Defendant notes, many of the requested documents were disclosed to Mr. Rivera during the course of summary judgment. Accordingly, Mr. Rivera's motion to compel a further response to this request is denied.

### 4. Request e: Copies of the DC-46 Vote Sheet and all supporting documentation for determining the revocation of Plaintiff's Z Code.

Although the revocation of Mr. Rivera's Z Code is no longer at issue in this case, a copy of the December 16, 2008, Vote Sheet revoking his Z Code was produced in connection with the DOC Defendants' summary judgment motion. *See* ECF No. 136-3, p. 62. Other documents forming the basis for Superintendent Klopotoski's decision to remove Mr. Rivera's Z Code were also disclosed at that time. Deputy Walsh further responds that "[t]o the extent that Plaintiff seeks documents establishing that his Z Code

-13-

was again revoked in March 2009, no facts or documents exist regarding such action." (ECF No. 213.)  Mr. Rivera's motion to compel will be denied as he has not demonstrated that his Z Code was reinstated, and thus available to be revoked, in March 2009. However, as noted earlier, to the extent Deputy Walsh relied on any medical or psychological information when recommending Mr. Rivera's double celling in general population upon his release from the RHU in March 2009, those documents will be provided to Plaintiff.

An appropriate Order follows.

**/s/ A. Richard Caputo**  
**A. RICHARD CAPUTO**  
**United States District Judge**

**Date: March 16, 2017**