IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERTO C. RIVERA, :
    Plaintiff :
  : CIVIL NO. 3:CV-10-0505
v. :
  : (Judge Caputo)
GOVERNOR ED RENDELL, et al., :
    Defendants :

FILED
SCRANTON
MAY 15 2017
PER_____
DEPUTY CLERK

MEMORANDUM

I. Introduction

Plaintiff, Mr. Rivera, is a state prisoner, proceeding *pro se* and *in forma pauperis*. Mr. Rivera seeks leave to file an amended complaint asserting new claims against the sole remaining defendant, Deputy Superintendent Walsh, because "[s]ince the filing of his Complaint, the Plaintiff has determined that the named Defendant has violated additional Civil (sic) rights." (ECF No. 225, Mot. to Amend.)

As set forth more fully below, Mr. Rivera's motion to amend will be denied.

II. Motion to Amend

Because the Defendants have filed an Answer, Fed. R. Civ. P. 15(a)(2) governs Mr. Rivera's motion to amend. Fed. R. Civ. P. 15(a)(2) reads as follow:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). While leave to amend should be granted freely, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). A claim is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim." *Budhun*, 765 F.3d at 259.

Here, Mr. Rivera initiated this action in March 2010. Since that date the Court has addressed a variety of discovery disputes. Additionally, in 2015, the Court delayed resolving portions of Defendants' Motion for Summary Judgment to allow Mr. Rivera to conduct additional limited discovery concerning claims against Defendant Walsh. (ECF No. 171.) The parties were given an October 2015 deadline for the close of discovery, and a November 2015 deadline to file dispositive motions. (*Id.*) After additional discovery disputes arose and were resolved by the Court, in March 2017, the Court granted in part, and denied in part, Mr. Rivera's motion to compel Defendant Walsh to supplement various discovery responses. (ECF Nos. 221 and 222.) On March 17, 2017, a scheduling order was issued calling for the filing of all pre-trial motions by Monday, June 12, 2017. (ECF No. 222.) That date stands unchanged.

Mr. Rivera's motion to amend his Complaint against Defendant Walsh includes a proposed amended complaint. *See* ECF No. 225-1. Aside from asserting an Eighth

-2-

Amendment claim of deliberate indifference against Defendant Walsh based on his failure to place him in a single cell following his release from the RHU, Mr. Rivera now claims Defendant Walsh's actions also violated the "Disibility (sic) Act" and the "Federal Disability Statute 42 U.S.C. § 12101 et seq." (Id.)

The Court notes that Mr. Rivera raised an claim under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101 et seq., in his 2010 Complaint which has since been dismissed. At that time he sued CHCA Leskowski, Deputy Secretary Shirley R. Moore Smeal, Deputy Director Marc Goldberg, and Andrea Priori Meintel, the DOC's Director of the Bureau of Treatment Services, for failing to process Mr. Rivera's ADA request. (ECF No. 1 at ¶¶ 49 - 51, and ¶ 62.) He did not include Deputy Walsh in his ADA allegations which were dismissed in April 2013. See ECF No. 73, pp. 21 - 22. Mr. Rivera defines his proposed ADA claim as follows: "Defendant Deputy Superintendent Walsh removed Plaintiff's Z Code status on March 2009 without valid reasoning." (ECF No. 225-1, ¶ 8.) He claims to have exhausted his administrative remedies as to this claim.

The undisputed record in this case establishes that Superintendent Klopotoski made the final decision to remove Mr. Rivera's Z Code in December 2008. Mr. Rivera confirms that he was notified of this event on December 23, 2008. (ECF No. 136-4, p. 35.) It is also undisputed that Mr. Rivera's Grievance No. 268049, filed April 7, 2009, was the first grievance he filed while housed at SCI-Dallas. (ECF No. 136-4, p. 38.) This grievance exclusively addresses "the PRC's March 20, 2009 decision failing to reinstate [Mr. Rivera's] Z-code single-cell status." (ECF No. 144, Pl.'s Br. in Opp'n to Defs'. Mot. for Summ. J., p.

12.)  There is no language contained within this grievance to suggest an ADA claim against Deputy Walsh.  See ECF No. 170, pp. 21 - 26.  Accordingly, at this late stage in the litigation, to allow Mr. Rivera to amend his Complaint as to claims against Deputy Walsh would be prejudicial and futile.

    An appropriate order follows.

                                                                          /s/ A. Richard Caputo
                                                                        **A. RICHARD CAPUTO**
                                                                        **United States District Judge**

DATED: MAY 2, 2017