# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO C. RIVERA, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-0505 |
| v. : | |
| : | (Judge Caputo) |
| GOVERNOR ED RENDELL, *et al.*, : | |
| : | |
| Defendants : | |

# M E M O R A N D U M

## I.  Introduction

On March 5, 2010, Roberto Rivera, an inmate housed at SCI-Dallas, in Dallas, Pennsylvania, initiated this action challenging the revocation of his Z Code (single cell status). On September 21, 2015, the Court resolved Pennsylvania Department of Corrections (DOC) Defendants' motion for summary judgment. *See Rivera v. Rendell*, Civ. No. 3:CV-10-0505, 2015 WL 5569067 (M.D. Pa. Sept. 21, 2015). A single claim against a sole defendant remains: Was Deputy Superintendent Walsh deliberately indifferent to Mr. Rivera's serious mental health needs in March 2009 when he failed to assign Plaintiff a Z Code upon releasing him from the Restricted Housing Unit (RHU) to general population? Mr. Rivera was granted the opportunity to conduct additional discovery related to Deputy Walsh's reliance on the opinions of his treating mental health professionals. (ECF No. 150, pp. 1- 2.)

Presently before the Court are Mr. Rivera's two identical motions to compel concerning Deputy Walsh's failure to supplement his response to document request number 2. (ECF Nos. 231 and 234.) Deputy Walsh opposes both motions noting his timely service of the

supplemental discovery response. (ECF No. 238.) In his Reply brief, Mr. Rivera notes that while he received the supplemental response, he is dissatisfied with the information produced. (ECF No. 239.)

For the reasons that follow, Mr. Rivera's motions to compel will be denied.

## II.     Standard of Review

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii - iv). Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "non-privileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege restrict the court's discretion in ruling on

discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

With these principles in mind, the Court turns to consider the various discovery requests set forth in Mr. Rivera's motions to compel.

**III.    Discussion**

Mr. Rivera's motion to compel Deputy Walsh's supplemental response to his request for production of documents No. 2 will be denied. First, Defendant Walsh has provided the Court with a copy of his May 23, 2017 Certificate of Service accompanying his supplemental response. (ECF No. 238, p. 7.) Second, as evidenced by Mr. Rivera's expressed dissatisfaction with Deputy Walsh's supplemental response, he has received them. (ECF No. 239.)

To the extent that Mr. Rivera argues that Deputy Walsh's response that "he did not review Plaintiff's mental health records" is "inadequate," (ECF No. 239) that alone is not a basis for granting his motion to compel. The discovery request sought to learn what mental health records Deputy Walsh reviewed or relied upon when making his March 2009 decision to revoke Plaintliff's Z Code housing classification. Previously Deputy Walsh identified several documents he relied upon in making that decision. After Mr. Rivera moved to compel a more definite response, Deputy Walsh was directed to identify whether he relied on other

documents, including portions of Mr. Rivera's mental health records, when making his March 2009 PRC recommendation. (ECF Nos. 221 - 222.) The fact that Deputy Walsh states in his supplemental response that he did not review Plaintiff's mental health records does not make his statement "inadequate" or non-compliant with this Court's direction to supplement his answer. The Court has reviewed Deputy Walsh's supplemental response (ECF No. 238, p. 5) and finds it responsive and satisfactory.

    An appropriate Order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: July 12, 2017**